# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

|  |  |
|---|---|
| | Case No.: EDCV 16-00267-CJC(DTBx) |
| **RICHARD PREPUSE and SHEILLAMARI PREPUSE,** | |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |
| v. | |
| **CALIBER HOME LOANS, et al.,** | |
| Defendants. | |

## I.  INTRODUCTION

Plaintiffs Richard and Sheillamari Prepuse bring this action against Defendants Caliber Home Loans, Inc. ("Caliber"), Benjamin Management Group, Inc. ("BMG"), and Westcoe Realtors, Inc. ("Westcoe") for a violation of California Civil Code § 2923.6.

-1-

Plaintiffs initially filed in state court, and Caliber removed.  (Dkt. 1.)  Before the Court is Plaintiffs' motion to remand.  For the following reasons, that motion is GRANTED.[1]

## II.  BACKGROUND

Plaintiffs took out a loan, secured by a Deed of Trust on their home, on March 22, 2006, for $529,470.00.  (Dkt. 1 Exh. A ["Compl."] ¶ 7.)  They subsequently defaulted on that loan, and their home was sold at a foreclosure sale on July 27, 2015.  (*Id.* ¶ 39.)  Plaintiffs allege that shortly before the foreclosure sale, they had submitted an application for a loan modification, which Caliber—their mortgage servicer—denied.  (*Id.* ¶ 27.)  Caliber subsequently told Plaintiffs that they were not eligible to appeal the denial, (*id.* ¶ 35), and the foreclosure sale proceeded.  Plaintiffs now allege that by selling their home at the foreclosure sale, Caliber violated California Civil Code § 2923.6, which imposes certain procedural requirements on mortgage servicers in connection with processing loan modifications.  Before conducting a trustee's sale, those servicers must, for example, (1) provide 30 days from the denial of a loan modification application for an appeal; (2) send a written notice to a borrower with the reasons for denial; and (3) describe "other foreclosure prevention alternatives" available to the borrower.  § 2923.6.  Plaintiffs believe that Caliber failed to abide by these statutory requirements and that it is now liable to Plaintiffs.

Plaintiffs also describe a conspiracy between Caliber and two California realtor agencies, BMG and Westcoe.  As Plaintiffs tell it, BMG gave Caliber an inflated appraisal of Plaintiffs' home so that Plaintiffs' loan modification application would be denied and Caliber could quickly foreclose on the home, in violation of § 2923.6.

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for March 21, 2016, at 1:30 p.m. is hereby vacated and off calendar.

(Compl. ¶ 57.)  Westcoe, an agency who sent a letter to Plaintiffs after the sale asking that they tender their keys to the home—the parties refer to this request as a "cash-for-keys" offer—is also alleged to be part of a larger conspiracy, although Westcoe's participation beyond the cash-for-keys offer, as well as how that offer had anything to do with Caliber's alleged § 2923.6 violation, is not made entirely clear by the complaint. (*See id.* ¶ 41.)

Plaintiffs initially sued only Caliber in Riverside Superior Court.  (*See* Dkt. 11 at 30–41.)  They subsequently dismissed their complaint, (*id.* at 75–76), and then filed the current lawsuit against Caliber, BMG, and Westcoe in San Bernardino Superior Court. (Dkt. 1.)  Caliber removed to federal court and then moved to dismiss.  Plaintiffs moved to remand.

## III.  DISCUSSION

Any civil action brought in a state court but over which a district court has diversity jurisdiction may be removed.  28 U.S.C. §§ 1332, 1441(a).  The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and complete diversity exists among the parties.  28 U.S.C. § 1332.

In this case, disputes exist both as to whether the parties are completely diverse and whether § 1332's amount-in-controversy requirement has been met.  The Court begins with the amount-in-controversy issue.  Plaintiffs argue that because they have asserted

1  only one violation of § 2923.6, which comes with a statutory penalty of $50,000,

2  § 1332's amount-in-controversy requirement has not been met.[2]  Caliber argues,

3  however, that attorneys' fees should be added to the $50,000 figure, since the "Ninth

4  Circuit clearly considers attorneys' fees when assessing amount in controversy,"

5  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002), and fees are

6  available to plaintiffs who prevail on § 2923.6 claims, *see* Cal. Civ. Code § 2924.12(i)

7  ("A court may award a prevailing borrower reasonable attorney's fees and costs in an

8  action brought pursuant to this section.").  Plaintiffs requested those fees in their

9  complaint, (*see* Compl. at 23), and Plaintiffs' counsel informed Caliber that his hourly fee

10  is $495.00, (Dkt. 11-1 Exh. B at 2).  At that rate, counsel would need to work barely 50

11  hours to accrue $25,000 in fees (and therefore hit § 1332's amount-in-controversy

12  requirement, when combined with the $50,000 statutory damages at issue).

13

14  An issue not briefed by the parties, however, is whether *anticipated* attorneys'

15  fees—as opposed to attorneys' fees already incurred—are properly considered as being

16  part of the amount in controversy for the purposes of removal.  Courts in this Circuit are

17  divided on the issue.  Some find that on the basis of the general principle that "federal

18  jurisdiction depends upon the circumstances that exist *at the time of removal*,"

19  "anticipated, but unaccrued attorney fees" should not be included in the amount in

20  controversy.  *Reames v. AB Car Rental Servs., Inc.*, 899 F. Supp. 2d 1012, 1016 (D. Or.

21  2012) (emphasis in original); *see also Dukes v. Twin City Fire Ins. Co.*, No. CV-09-2197-

22

23  _____

24  [2]  Although Plaintiffs' complaint also pleads a cause of action for violations of Cal. Bus. & Prof Code § 17200, Plaintiffs have abandoned that claim and say it was "pleaded in error."  (*See* Dkt. 9 at 2.)  At any rate, Caliber has not made any showing of how that claim would have influenced the amount in controversy.  Although it argues that the entire value of Plaintiffs' home should be considered in the amount in controversy pursuant to Plaintiffs' former § 17200 claim, Caliber concedes that that would only be the case if the home were the "object of the litigation," for example, in a lawsuit to enjoin a foreclosure sale. *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011).  Plaintiffs do not seek injunctive or declaratory relief here, or otherwise seek any relief pertaining to the value of their home, so that figure is not properly included in the amount in controversy.

-4-

PHX-NVW, 2010 WL 94109, at *2 (D. Ariz. Jan. 6, 2010) ("[T]he better view is that attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal.").  As the *Reames* court noted, due to the uncertain nature of pre-trial settlement, trial, and appellate proceedings, "attorney fees are extremely irregularly distributed," and any estimate of anticipated fees is "therefore necessarily speculative," rendering it inappropriate for inclusion in the amount in controversy.  *Reames*, 899 F. Supp. 2d at 1020–21.  The Seventh Circuit has taken this position as well, holding that an estimate of attorneys' fees is a "calculation [that] includes the value of legal services that have not been and may never be incurred, and are therefore not 'in controversy' between the parties." *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998) (distinguishing between "the likely course of litigation" and "the legal rights of the parties" when discussing the appropriateness of projecting attorneys' fees).

Other district courts in this Circuit have permitted parties to include reasonable estimates of attorneys' fees that have not yet accrued.  *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002); *Simmons*,  209 F. Supp. 2d at 1034. These courts have pointed out that although attorneys' fees are sometimes uncertain, so are damages, and that excluding anticipated fees "does not comport with the reality of litigation," *Brady*, 243 F. Supp. 2d at 1010.  The Tenth Circuit has also taken this position, albeit without significant analysis.  *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).

The Ninth Circuit has yet to weigh in, although recent district court cases in this Circuit tend *not* to permit the inclusion of anticipated attorneys' fees.  *Dell v. ServiceMaster Global Holdings, Inc.*, Case No: C 15-3326 SBA, 2015 WL 6746448, at *2 (N.D. Cal. Nov. 5, 2015) ("[T]he majority of district courts within this Circuit . . . have concluded that attorneys' fees that are anticipated but unaccrued at the time of

removal are not properly in controversy for jurisdictional purposes."); *Jimenez v. Menzies Aviation, Inc.*, No. C 10-03477 SBA, 2013 WL 1411228, at *3 (N.D. Cal. Apr. 8, 2013) ("[T]he fees that should be considered are those incurred as of the date of removal.")  The Court agrees with this set of courts and holds that only those attorneys' fees which had accrued at the time of removal should be included for the purposes of measuring the amount in controversy.  Attempting to estimate future attorneys' fees for the purposes of determining diversity jurisdiction, against the unpredictable backdrop of litigation, is ill-suited to the precision of jurisdictional analysis and the rule that the removal statute is "strictly construed against removal," *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

Here, the Plaintiffs request only damages under § 2923.6, which in the case of willful conduct, cap out at "the greater of treble actual damages or statutory damages of [$50,000]."  Cal. Civ. Code § 2924.12(b).  Caliber offers no reason to believe that Plaintiffs' actual damages—even if trebled—could be said to exceed $50,000, so that is properly considered the amount in controversy.[3]  And Caliber has made no showing that Plaintiffs accrued more than $25,000 in attorneys' fees at the time of removal.  (Given the limited litigation activity before removal, the prospect of such a bill is highly unlikely.)  Although Plaintiffs' complaint also requests "compensatory damages," "general damages in tort," "special damages," "treble damages," and "statutory damages," according to proof, this language appears to be boilerplate and unsupported by any allegations in the complaint.  As a result, Caliber has not carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this

---

[3]  Caliber argues that perhaps Plaintiffs are *both* eligible for $50,000 statutory awards, since they are both listed on the Deed of Trust.  But there is no language in § 2923.6 that suggests that such an award would be appropriate.  Statutory awards under § 2923.6 are tied to violations, not borrowers.  *See* § 2924.12(b).  There is no sensible reason to believe that a mortgage servicer would be doubly liable for violations of § 2923.6 if a Deed of Trust happened to have two homeowners listed on it.

case exceeds $75,000.  28 U.S.C. § 1446(c)(2)(B).  Plaintiffs' motion to remand is GRANTED.[4]

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand, (Dkt. 6), is GRANTED. The case is REMANDED to the San Bernardino Superior Court.

DATED:      March 17, 2016

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

[4]  The Court DENIES Plaintiffs' request for attorneys' fees.  Although attorneys' fees may be awarded when the removing party lacks an "objectively reasonable" basis for removal, *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 135 (2005), this is not such a case.  The attorneys' fee issue discussed above is unresolved in this Circuit.  And although the Court need not reach the issue of whether BMG and Westcoe were fraudulently joined, Caliber's attempt to remove on that basis was not objectively unreasonable.